**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4132**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES WILLIAM MARTIN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00191-WO-2)

———————

Submitted:  August 7, 2014        Decided:  August 22, 2014

———————

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James William Martin pled guilty to conspiracy to distribute fifty grams or more of methamphetamine and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (2012). Martin asked the district court to vary downward from his sentencing range of 168-210 months. The district court agreed that a variant sentence was appropriate and sentenced Martin to a 150-month term of imprisonment. Martin challenges the reasonableness of this sentence on appeal. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Martin contends that the sentence imposed by the district court was unreasonable because it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) (2012). Martin's substantive unreasonableness claim, in essence, is that the district court should have varied further downward. A sentence within or below the applicable Sentencing Guidelines range is presumptively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Moreover, Gall mandates that we "give due deference to

2

the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

Martin argues that his sentence is higher than necessary in consideration of two factors: one, that the drug quantity attributed by the court was increased based on his confession to law enforcement at the time of his arrest; and two, that the court did not adequately consider avoiding unwarranted sentencing disparities amongst defendants with similar criminal records and found guilty of similar conduct. Martin points to his co-defendant, Rafael Garcia Olvera, receiving a lesser sentence on the drug charge. The district court carefully considered each of these arguments and imposed a below-Guidelines sentence that accounted for these, and other concerns.

At bottom, Martin asks this court to reweigh the sentencing factors to reach a result different than that of the district court. This we cannot do. See United States v. Washington, 743 F.3d 938, 943-44 (4th Cir. 2014) ("We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different."). The extent of the variance reflects the court's concerted effort to balance the

3

seriousness of the offense with the need to treat similarly situated defendants similarly. The district court varied downward from the bottom of the Guidelines range, 168 months, to 150 months' imprisonment.

The district court considered the § 3553(a) factors in light of Martin's personal circumstances and the offense. The record reflects that the district court performed an individualized assessment of the § 3553(a) factors as they applied to the case. The district court amply justified its decision to vary downward from the Guidelines range by eighteen months, rendering the variance reasonable. See United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (reviewing a non-Guidelines sentence requires that this court evaluate both the reasonableness of the decision to vary or depart and "the extent of the divergence from the sentencing range").

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED